**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4429**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY EDWARD STEWART,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:06-cr-00046-jpj)

———————————

Submitted:  February 13, 2008        Decided:  March 13, 2008

———————————

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis M. Dene, DENE & DENE, Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Rodney Edward Stewart of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him to a 240-month term of imprisonment. On appeal, Stewart asserts that the district court erred in denying his motion under Fed. R. Crim. P. 29, because the evidence was insufficient to prove he possessed a firearm. We affirm.

We review de novo the district court's decision to deny a Rule 29 motion. United States v. Midgett, 488 F.3d 288, 297 (4th Cir.), cert. denied, 128 S. Ct. 464 (2007). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Midgett, 488 F.3d at 297. This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir.) (en banc) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006).

Applying these principles, our careful review of the trial testimony convinces us that Stewart has not met the heavy burden he faces in seeking to overturn his conviction. To the extent Stewart contends that Roger Shelton, a witness against him,

was not credible, we "do not weigh the evidence or assess the credibility of witnesses, but assume that the jury resolved any discrepancies [in the testimony] in favor of the government." United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). We conclude that the evidence was sufficient for the jury to find that Stewart knowingly possessed the firearm. See Moye, 454 F.3d at 395 (setting forth elements of § 922(g)(1) offense); United States v. Scott, 424 F.3d 431, 435-36 (4th Cir. 2005) (discussing constructive and actual possession).

Accordingly, we affirm the judgment of the district court. We deny Stewart's motions to file a pro se supplemental brief and to produce the trial record and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED